IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>TRISTEN JACE GONE,<br><br>Defendant. | CR 18-70-GF-BMM-JTJ<br><br>**AMENDED FINDINGS AND RECOMMENDATIONS** |

## I.  Synopsis

Defendant Tristen Jace Gone (Gone) has been accused of violating the conditions of his supervised release.  Gone admitted all of the alleged violations.  Gone's supervised release should be revoked.  Gone should be placed in custody for 6 months, with 13 months of supervised release to follow.

## II.  Status

Gone pleaded guilty to Domestic Abuse by a Habitual Offender on November 13, 2018.  (Doc. 21).  The Court sentenced Gone to 36 months of custody, followed by 2 years of supervised release.  (Doc. 30).  Gone's current term of supervised release began on October 26, 2021.  (Doc. 46 at 1).

**Petition**

The United States Probation Office filed a Petition on November 10, 2021, requesting that the Court revoke Gone's supervised release. (Doc. 46). The Petition alleged that Gone had violated the conditions of his supervised release: 1) by using marijuana; 2) by consuming alcohol; 3) by failing to register as a violent offender; and 4) by failing to notify his probation officer of a change in residence.

**Initial appearance**

Gone appeared before the undersigned for his initial appearance on January 25, 2022. Gone was represented by counsel. Gone stated that he had read the petition and that he understood the allegations. Gone waived his right to a preliminary hearing. The parties consented to proceed with the revocation hearing before the undersigned.

**Revocation hearing**

The Court conducted a revocation hearing on January 25, 2022. Gone admitted that he had violated the conditions of his supervised release: 1) by using marijuana; 2) by consuming alcohol; 3) by failing to register as a violent offender; and 4) by failing to notify his probation officer of a change in residence. The violations are serious and warrant revocation of Gone's supervised release.

Gone's violations are Grade C violations. Gone's criminal history category is I. Gone's underlying offense is a Class D felony. Gone could be incarcerated for up to 24 months. Gone could be ordered to remain on supervised release for up to 19 months, less any custody time imposed. The United States Sentencing Guidelines call for a term of custody of 3 to 9 months.

### III.  Analysis

Gone's supervised release should be revoked. Gone should be incarcerated for 6 months, with 13 months of supervised release to follow. This sentence is sufficient but not greater than necessary.

### IV.  Conclusion

The Court informed Gone that the above sentence would be recommended to United States District Judge Brian Morris. The Court informed Gone of his right to object to these Findings and Recommendations within 14 days of their issuance. The Court explained to Gone that Judge Morris would consider a timely objection before making a final determination on whether to revoke his supervised release and what, if any, sanction to impose. The Court also informed Gone of his right to allocute before Judge Morris.

The Court **FINDS:**

> That Tristen Jace Gone violated the conditions of his supervised release: by using marijuana; 2) by consuming alcohol; 3) by failing to register as a

violent offender; and 4) by failing to notify his probation officer of a change in residence.

The Court **RECOMMENDS:**

That the District Court revoke Gone's supervised release and commit Gone to the custody of the United States Bureau of Prisons for 6 months, with 13 months of supervised release to follow.

## NOTICE OF RIGHT TO OBJECT TO FINDINGS AND RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

The parties may serve and file written objections to the Findings and Recommendations within 14 days of their entry, as indicated on the Notice of Electronic Filing. 28 U.S.C. § 636(b)(1). A district court judge will make a de novo determination regarding any portion of the Findings and Recommendations to which objection is made. The district court judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations. Failure to timely file written objections may bar a de novo determination by the district court judge, and may waive the right to appear and allocute before a district court judge.

DATED this 14th day of February, 2022.

_____
John Johnston
United States Magistrate Judge